796 So.2d 1253 (2001)
Denise R. SAUNDERS, Appellant,
v.
Richard J. SAUNDERS, Ancillary Personal Representative, Appellee.
No. 1D00-4867.
District Court of Appeal of Florida, First District.
October 17, 2001.
*1254 Gary W. Huston and Donald H. Partington of Clark, Partington, Hart, Larry, Bond & Stackhouse, Pensacola, for Appellant.
David E. Hightower of Beggs & Lane, Pensacola, for Appellee.
BROWNING, J.
Appellant appeals an order denying her petition for an allocation of her share as a pretermitted spouse under section 732.301, Florida Statutes (1999). The trial court denied Appellant's petition on grounds that Florida law is inapplicable because the nondomiciliary testator did not provide in his will that Florida law would regulate the disposition of his Florida real property, as required by section 731.106(2), Florida Statutes (1999). The trial court concluded the law of the decedent's domicile, Colorado, including its pretermitted spouse statute, regulates the disposition of the decedent's Florida realty. Appellant argues the trial court's construction of section 731.106(2) impermissibly supersedes Florida's common law rule concerning disposition of in-state realty, disregards Florida's strong public policy to protect pretermitted spouses, and misconstrues the proper effect of this section and section 732.301. Appellee, the personal representative of the decedent's estate, argues Florida law is inapplicable based upon the plain wording of section 731.106(2), which controls the disposition of this case. We agree with Appellee and affirm.
Section 731.106(2), Florida Statutes (1999), in pertinent part provides:
(2) When a nonresident decedent who is a citizen of the United States or a citizen or subject of a foreign country provides in her or his will that the testamentary disposition of her or his tangible or intangible personal property having a situs within this state, or of her or his real property in this state, shall be construed and regulated by the laws of this state, the validity and effect of the dispositions shall be determined by Florida law.
Because such section has never been construed, we are compelled to do so. When a court construes a statute, its goal is to ascertain legislative intent, and if the language of the statute under scrutiny is clear and unambiguous, there is no reason for construction beyond giving effect to the plain meaning of the statutory words. Aetna Casualty & Surety Co. v. Huntington Nat'l Bank, 609 So.2d 1315, 1317 (Fla. 1992); Holly v. Auld, 450 So.2d 217, 219 (Fla.1984). Applying that standard here, we find section 732.106(2) to be clear and unambiguous. It is clear the legislature intended that Florida law apply only to distribute a nondomiciliary testator's property situated in Florida when such testator's last will and testament provides that Florida law shall apply to his or her Florida property. Here, Appellant's decedent did not so provide, and the trial court correctly applied Colorado law to the decedent's Florida property.
Appellant's arguments for reversal that the trial court's determination violated the common law and public policy are without merit. This case does not hinge on an application of the common law or public policy considerations as advanced by Appellant. The common law `is changed where a statute clearly, unequivocally, and specifically prescribes a different rule of law from a common law rule, as does section 731.106(2). See McGhee v. Volusia County, 679 So.2d 729, 731 (Fla. 1996); Wal-Mart Stores, Inc. v. Mc-Donald, 676 So.2d 12, 17 (Fla. 1st DCA 1996). Public policy is determined by the legislature through its statutory enactments. See University of Miami v. Echarte, 618 So.2d 189, 196 (Fla.1993) ("The *1255 Legislature has the final word in declarations of public policy ..."); Collier v. Brooks, 632 So.2d 149, 157 (Fla. 1st DCA 1994) (it is the proper function of the Legislature not the district court of appeal, to announce public policy change). The legislature, by enacting section 731.106(2), determined the public policy on the issue before this court, contrary to Appellant's position.
Lastly, Appellant's argument that section 731.106(2) conflicts with, and is subordinate to, section 732.301, is also without merit. Because section 731.106(2) specifically addresses when Florida law should be applied to dispose of the assets of nondomiciliary testators, it controls over the general statute relating to the rights of a pretermitted spouse of a Florida domiciliary, as well as supercedes common law and public policy considerations. See McKendry v. State, 641 So.2d 45, 46 (Fla. 1994) (a specific statute covering a particular subject area always controls over a statute covering the same or other subjects more generally); Barnett Banks, Inc. v. Dep't of Revenue, 738 So.2d 502, 505 (Fla. 1st DCA 1999). Thus, unless a nondomiciliary testator expressly chooses Florida law to dispose of his or her Florida property, section 732.301 is inapplicable.
In summary, the decedent, a Colorado domiciliary, did not provide in his will that Florida law should be applied to distribute his Florida property. Accordingly, the trial court properly denied Appellant's petition for an allocation of her share of the decedent's property under section 732.301, because section 731.106(2) dictates that Colorado law applies.
AFFIRMED.
WEBSTER and POLSTON, JJ., concur.