PER CURIAM.
 

 Appellant, Christine Conners, appeals a Final Judgment of Dissolution of Marriage. We agree with appellant that the trial court, in ordering her to return to Tallahassee with the parties’ child, employed an incorrect legal standard. In evaluating the child’s best interests pursuant to section 61.13001(7), Florida Statutes, the trial court primarily focused on how it would have ruled on the issue of relocation had it been faced with the issue prior to appellant’s move to Albany, New York, which occurred while appellant was pregnant with the parties’ child. However, because the relocation had already occurred when appellee, Shawn Mullins, petitioned for relief, the pertinent question was not whether the trial court would have permitted the relocation in the first place but whether the actual relocation was in the child’s best interests pursuant to the factors set forth in section 61.13001(7).
 
 See generally In re B.T.G.,
 
 993 So.2d 1140, 1141 (Fla. 2d DCA 2008) (noting that neither party offered any testimony concerning the “impact of the relocation to the Seattle area [which had already occurred] on the children”);
 
 Shafer v. Shafer,
 
 898 So.2d 1053, 1055 (Fla. 4th DCA 2005) (noting that the trial court weighed a number of factors in deciding that the child’s move to Orlando was not in the child’s best interests and that the court found that the father’s close relationship with his son would be affected if the son “continues to live in Orlando”).
 

 Accordingly, we REVERSE the final judgment and REMAND the case for reconsideration on the relocation issue.
 

 VAN NORTWICK and CLARK, JJ. and BERGER, WENDY, Associate Judge, concur.