LEWIS, J.
Danny Joe Raulerson (“the Father”), appeals an order of the trial court granting Kristine Joann Wright (“the Mother”), temporary permission to relocate with the parties’ minor child and denying the Father’s request to enjoin such relocation. Because the relocation had already occurred, the trial court did not abuse its discretion in denying the Father’s request for an injunction. See Advantage Digital Sys., Inc. v. Digital Imaging Servs., Inc., 870 So.2d 111, 116 (Fla. 2d DCA 2003) (“By its nature, an injunction restrains commission of a future injury; a court cannot prevent what has already occurred.”); City of Jacksonville v. Naegele Outdoor Adver. Co., 634 So.2d 750, 754 (Fla. 1st DCA 1994) (providing that an injunction “will lie only to restrain ... future injury, since it is impossible to prevent what has already occurred”) (citation omitted). Therefore, we affirm that portion of the trial court’s order without further comment. However, with respect to the trial court’s grant of temporary permission to relocate, we reverse for the reasons that follow.
After the Mother verbally notified the Father of her intent to relocate with the parties’ minor child “a day or two” before a March 9, 201.0, child support modification proceeding, the Father filed an emergency motion to enjoin such relocation on March 15, 2010. On March 19, 2010, the Mother hand-delivered to the Father an unsworn “Notice of Intent to Relocate With Child,” and moved from Perry, Florida, to Ponte Vedra, Florida, the following day. On the same day that the Mother delivered her notice, the Father served upon the Mother a notice of hearing, which identified the Father’s motion to enjoin as the sole matter to be addressed at a March 31, 2010, evidentiary hearing. On March 23, 2010, the Father filed a “Motion for Contempt and Motion to Compel Return of the Minor Child to the Father in Taylor County, Florida.” However, this motion was not noticed for hearing, litigated by the parties, or addressed by the trial court. The Mother’s “Notice of Intent to Relocate With Child” was not filed with the court, and it was not admitted into evidence at the hearing on the Father’s motion to enjoin.
At the hearing, the Father reiterated that the proceeding would address only “whether or not the Mother complied with the Statute and the Court[’s] ability to enter an Injunction or a Restraining Order prohibiting [her] from leaving.” Consequently, the parties limited their testimony to the injunctive relief issue, rather than delving into all the factors relevant to whether the relocation would ultimately be in the child’s best interests. The Mother admitted at the hearing that she did not have a written agreement with the Father to relocate, did not file a petition to relocate with the minor child, and did not have prior court approval to relocate. Despite these admissions and the express limitation on the testimony, the Mother verbally requested permission to relocate. The Father argued that temporary permission to relocate would be improper because the Mother had not complied with the requirements of section 61.13001, Florida Statutes (2009). In response to this concern, the trial court observed, “In North Florida and in the smaller jurisdictions such as ours, the parties generally do not strictly comply with that statutory provision.” Ultimately, the trial court granted the Mother temporary permission to relocate, finding, among other things, that (1) she “substantially complied” with the requirements of section 61.13001, and *489 that (2) there was “a likelihood that the relocation of the Mother and minor child would be granted” in a final hearing. Based on these determinations, the court granted the Mother temporary permission to relocate with the minor child to Ponte Vedra. This appeal followed.
A trial court’s determination regarding the relocation of a minor child is reviewed for abuse of discretion. Norris v. Heckerman, 972 So.2d 1098, 1099 (Fla. 1st DCA 2008) (citing Manyari v. Manyan, 958 So.2d 512, 512 (Fla. 3d DCA 2007), Edrington v. Edrington, 945 So.2d 608, 609 (Fla. 4th DCA 2006), and Landingham v. Landingham, 685 So.2d 946, 950 (Fla. 1st DCA 1996)). However, issues involving the interpretation of a statute are reviewed de novo. B.Y. v. Dep’t of Children & Families, 887 So.2d 1253, 1255 (Fla.2004). Our decision in the instant case turns on whether the trial court properly applied section 61.13001, Florida Statutes (2009).
In resolving this issue, we bear in mind that “[a] court’s purpose in construing a statute is to give effect to legislative intent, which is the polestar that guides the court in statutory construction.” Larimore v. State, 2 So.3d 101, 106 (Fla.2008). This inquiry must begin with the “actual language used in the statute” because legislative intent is to be determined “primarily from the statute’s text.” Heart of Adoptions, Inc. v. J.A., 963 So.2d 189, 198 (Fla.2007) (citations omitted). As the Florida Supreme Court has explained:
[W]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning ... the statute must be given its plain and obvious meaning. Further, we are without power to construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications. To do so would be an abrogation of legislative power. A related principle is that when a court interprets a statute, it must give full effect to all statutory provisions. Courts should avoid readings that would render part of a statute meaningless.
Mendenhall v. State, 48 So.3d 740, 748 (Fla.2010) (quoting Velez v. Miami-Dade Cnty. Police Dep’t, 934 So.2d 1162, 1164-65 (Fla.2006) (quotation marks and citations omitted)).
Section 61.13001 delineates the requirements a primary residential parent must follow before relocating with a minor child who is the subject of an order determining the child’s time-sharing, residential care, kinship, or custody. Unless there is a valid agreement to the child’s relocation under section 61.13001(2), the primary residential parent must file a petition to relocate and receive permission from the circuit court to relocate. See § 61.13001(3). This petition must be filed under oath, contain seven specific items of information, and be served on every other person entitled to access or time-sharing with the child. § 61.13001(3). There are two potential consequences to relocating a child in derogation of these requirements: (1) the party in violation is “subject[ ] ... to contempt and other proceedings to compel return of the child,” § 61.13001(3)(e); and (2) “[t]he court may ... order the return of the child ... or order other appropriate remedial relief,” § 61.13001(6)(a), Fla. Stat. (2009). See also § 61.13001(6)(a)2 (further providing that if the trial court finds “[t]hat the child has been relocated without a written agreement of the parties or without court approval,” the court may also “order the return of the child” or “order other appropriate remedial relief”).
To grant a temporary order permitting the relocation of a minor child pending a final hearing, the trial court must make two findings:
*490 1. That the petition to relocate was properly filed and is otherwise in compliance with subsection (3); and
2. From an examination of the evidence presented at the preliminary hearing, that there is a likelihood that on final hearing the court will approve the relocation of the child, which findings must be supported by the same factual basis as would be necessary to support approving the relocation in a final judgment.
§ 61.13001(6)(b), Fla. Stat. (2010). In connection with the second finding, the court is required to consider the factors enumerated in section 61.13001(7)(a)-(k). See Conners v. Mullins, 27 So.3d 199, 200 (Fla. 1st DCA 2010) (explaining that the section 61.13001(7) factors reveal whether relocation is in the child’s best interest). The parent wishing to relocate has the burden of proving by a preponderance of the evidence that relocation is in the best interest of the child. § 61.13001(8), Fla. Stat. (2009). If that burden is met, the burden shifts to the non-relocating parent to show by a preponderance of the evidence that the proposed relocation is not in the child’s best interest. Id.
In this case, the trial court erred in determining that the Mother’s hand-delivery to the Father of her “Notice of Intent to Relocate With Child” was sufficient to satisfy the requirements of section 61.13001(3). As noted above, section 61.13001(6)(b)l provides that the trial court “may grant a temporary order permitting the relocation of the child pending final hearing” if the court finds that “the petition to relocate was properly filed and is otherwise in compliance with subsection (3).” See also § 61.13001(6)(b)2 (identifying the other prerequisite to granting a temporary order permitting relocation). The Mother’s efforts in this .case were inadequate because she failed to comply with the threshold requirement of properly filing a sworn petition with the trial court. See § 61.13001(6)(b)l. Rather, she merely hand-delivered to the Father an unsworn “Notice of Intent to Relocate With Child” one day before relocating. The Mother did not file any form of documentation with the court, despite the statute’s explicit directive to file a sworn petition. Thus, she failed to comply with the statute and should not have been granted permission to relocate.
The trial court’s decision to grant the Mother permission to relocate was an abuse of discretion because the trial court failed to give effect to a clear statutory mandate. The courts of this state are bound to apply the laws of this state. Accordingly, we REVERSE the portion of the trial court’s order granting the Mother temporary permission to relocate.
AFFIRMED in part and REVERSED in part.
CLARK, J., Concurring With Opinion.
ROWE, J., concurs.