GERSTEN, J.
Joseph and Arlene Martin (“the adoptive parents”) seek certiorari or prohibition based on the trial court’s denial of a motion to dismiss Karen DeAngelis’ (“the biological mother”) motion to vacate an adoption. We grant the petition.
The adoptive parents, the maternal grandparents of the child, L.D.M., sought to adopt L.D.M. After the biological *759 mother signed documents consenting to the adoption, the trial court entered a final judgment of adoption.
Two years later, the biological mother moved to vacate the court’s judgment, arguing the adoptive parents fraudulently obtained her consent. The adoptive parents moved to dismiss, contending that Florida’s statute of repose barred the biological mother’s claim. The trial court denied the motion to dismiss, and this petition followed.
On petition for certiorari or prohibition, the adoptive parents assert that the trial court erred in denying the motion to dismiss because Florida’s statute of repose strictly limits motions to vacate adoption orders to one year. There are no exceptions. The biological mother contends that the trial court correctly ruled that Florida’s statute of repose is not applicable where there is an allegation of fraud. We agree with the adoptive parents and reverse.
Florida has an independent statute of repose for adoptions. § 63.182, Fla. Stat. (2009). The statute provides that “an action or proceeding of any kind to vacate, set aside, or otherwise nullify a judgment of adoption or an underlying judgment terminating parental rights on any ground may not be filed more than 1 year after entry of the judgment terminating parental rights.” § 63.182 (emphasis added).
The following is a brief recitation of Florida’s statute of repose concerning adoptions. As initially enacted in 1973, the statute provided a one-year time limitation for any direct or collateral attack on an adoption judgment for any irregularity or procedural defect, including consent. Ch. 73-159, § 18, Laws of Fla. In 2000, the Legislature amended the statute to provide a two-year limitation on claims based on fraud. Ch. 2000-188, § 6, Laws of Fla. The Legislature reversed this amendment in 2003, when it eliminated the two-year fraud limitation and restored the one-year time limit for challenges on any ground. Ch. 2003-58, § 32, Laws of Fla.
Thus, in its final amended form, the legislative intent is in perfect sync with its stated purpose. The legislature specifically listed its intent was to: (a) meet the state’s “compelling interest in providing stable and permanent homes for adoptive children in a prompt manner,” (b) “prevent[] the disruption of adoptive placements, and (c) assure “[ajdoptive children have ... permanence and stability in adoptive placements.” Ch. 2003-58, § 1, Laws of Florida. Clearly, the Legislature has the prerogative to set the state’s policy in matters of public welfare. See, e.g., Stewart v. De Land-Lake Helen Special Road & Bridge Dist., 71 Fla. 158, 71 So. 42 (1916); Saunders v. Saunders, 796 So.2d 1253 (Fla. 1st DCA 2001).
Here, because the biological mother waited until after two years to allege that the adoption was fraudulent, she cannot overcome the statute of repose. Admittedly, it may seem like an unfortunate result if the adoption was fraudulently induced, but the biological mother failed to follow the law and failed to make her allegations in a timely manner. We find that the compelling interest, as reflected in the statute and legislative history, must be in favor of creating stability and permanent homes for the adoptive child. Therefore, the trial court erred in denying the motion to dismiss.
Accordingly, we grant the petition, quash the order denying the motion to vacate, and remand this cause for entry of an order of dismissal.
Petition granted, order quashed, and remanded with instructions.