CLARK, J.
In this appeal, Stephen Milton seeks review of a trial court order which did not hold Julianna Milton in contempt of court or otherwise order the return of the couple’s minor child to the State of Florida. He argues three grounds for reversal of the trial court’s order. We find merit in one — that the trial court erred by permitting Mrs. Milton to keep the minor child in New York.
He first argues the trial court was required to order make-up timeshar-ing and hold Mrs. Milton in contempt for her willful violation of a time-sharing agreement between the parents. There is nothing that requires a trial court to hold a person in contempt; the court’s determination in this regard is reviewed for abuse of discretion. Nunes v. Nunes, 112 So.3d 696 *1041 (Fla. 4th DCA 2018). Given the record before us, we cannot say it was an abuse of discretion to not hold Mrs. Milton in contempt. See Cummings v. Cummings, 723 So.2d 898, 899 (Fla. 4th DCA 1998) (order of make-up time does not necessitate holding party in contempt).
Second, Mr. Milton sought to end the parties’ time-sharing agreement by affirmatively seeking dissolution of the 2008 temporary injunction which contained it— this was the only document which contained any agreement between the parties as to timesharing. Thus, when the trial court dissolved the temporary injunction, the slate was clean and the trial court was bound to make a best interests determination and take evidence concerning a new time-sharing arrangement. Delivorias v. Delivorias, 80 So.3d 352, 356 (Fla. 1st DCA 2011) (acknowledging “the hallowed doctrine that before modifying custody temporarily or ordering any other type of makeup time-sharing, a trial court must consider the child’s best interests”). Mr. Milton’s argument that the trial court erred by modifying an existing time-sharing agreement without proper notice is therefore without merit. Once dissolved, the court did not modify an existing agreement; it was left to create one anew. Further, Mr. Milton invited the trial court to dissolve the injunction and put himself in the predicament of being without a valid time-sharing arrangement.
With this the situation, it was incumbent upon the trial court to properly notice and take evidence on the best interests of the child before ordering the statutorily required make-up time or determining a new time-sharing arrangement. Id. at 356; cf. Cheek v. Hesik, 73 So.3d 340, 343-44 (Fla. 1st DCA 2011) (acknowledging no competent, substantial evidence of best interests existed to support order of make-up time that neither party sought nor argued for and which mandated a drastic and disruptive make-up plan).
As to Mr. Milton’s final issue regarding Mrs. Milton’s relocation of the minor child to New York, however, we reverse. This Court reviews relocation determinations for abuse of discretion; however, ' the question of whether the trial court properly applied the relocation statute is a matter of law, reviewed de novo. Raulerson v. Wright, 60 So.3d 487, 489 (Fla. 1st DCA 2011). Here, Mr. Milton relies on section 61.13001, Florida Statutes, and Raulerson, to assert that because Mrs. Milton did not comply with section 61.13001, the trial court erred in permitting the child’s relocation, even if temporary. He is correct.
Section 61.13001(3)(a) unambiguously requires that, absent agreement of both parents, a parent wishing to relocate file a petition and the petition be served on the other parent. § 61.13001(3), Fla. Stat. Only where the relocating parent files a proper petition may the court order temporary relocation pending final determination. § 61.13001(6)(b). This Court has previously made clear that these requirements are unambiguous and are “a clear statutory mandate.” Raulerson, 60 So.3d at 490; see also Rivero v. Rivero, 111 So.3d 233 (Fla. 4th DCA Apr.10, 2013).
Here, there was no such agreement or petition. And, Mrs. Milton does not contest that she and the child relocated to New York. Accordingly, she is subject “to contempt and other proceedings to compel the return of the child”; additionally, the court may grant other relief, including restraining relocation or ordering the child’s return. § 61.13001(3)(e), (6)(a), Fla. Stat.[1] *1042 Therefore, the trial court erred in permitting the minor child’s temporary relocation pending final determination. See Rauler-son, 60 So.3d at 490.
That said, the parties were not prepared to have a full hearing on the best interests of the child — a necessary consideration to the relocation question, which takes into account certain statutorily specified factors. § 61.18001(7), Fla. Stat.; Conners v. Mullins, 27 So.3d 199, 200 (Fla. 1st DCA 2010). Like in Raulerson, Mr. Milton limited his argument at the hearing to the permissibility of Mrs. Milton’s relocation without following the statutory requirements. It is clear she did not follow the requirements and Mr. Milton was thus entitled to some relief — what relief, exactly, is not mandated by statute and is a matter of the trial court’s discretion. We do not pass on what the exact specifications of the trial court’s order on remand should be.
“[W]e recognize the difficulty faced by the trial court in crafting a remedy that provides meaningful makeup time-sharing for an out-of-state father where the record reflects that the mother has refused to comply with court orders and has shown little to no interest in the child having a relationship with his father.” Cheek, 73 So.3d at 345. Nevertheless, “before ordering a temporary change of custody or any other type of makeup time-sharing, the trial court was required to consider the best interests of the child.” Id.; see also Conners, 27 So.3d at 200 (explaining that on remand the trial court need not consider “whether [it] would have permitted the relocation in the first place but whether the actual relocation was in the child’s best interests pursuant to the factors set forth in section 61.13001(7)”).
Accordingly, the case is remanded to accomplish what the trial court had already begun before this appeal. After taking evidence on the best interests of the child, the trial court may appropriately order relief for Mrs. Miltons unauthorized relocation and on Mr. Miltons specific entitlement to make-up time. This will also be necessary before creation of a final time-sharing agreement and the ultimate dissolution of the parties marriage. We encourage the trial court to promptly set this case for a status conference and determine these pending matters as expeditiously as possible.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
BENTON, C.J. and THOMAS, J., concur.

. Mrs. Milton also appears to be in violation of the trial court’s Standing Order, which prohibits a minor child’s relocation during the pendency of proceedings. This would further subject her to possible contempt proceedings.