SWANSON, J.
Robert W. Wing (“Former Husband”) appeals from a non-final order raising four points for reversal. See Fla. R. App. P. 9.130(a)(3)(C)(iii). We affirm Point IV without further comment. We need not address Points II and III, as we are compelled to reverse on Point I, which challenges the trial court’s decision to allow Monica D’Arcio Wing (“Former Wife”) to relocate with the parties’ minor children to her native country of Italy. The trial court’s ruling was an error of law insofar as it failed to apply the explicit directives in section 61.13001(3), Florida Statutes (2009).
While we do not disagree with our dissenting colleague’s point that Former Husband was knowledgeable of Former Wife’s desire to relocate as early as her first counter-petition for dissolution of marriage filed in 2003, we cannot endorse the undeniable effect of his conclusion, which grafts onto the provisions of section 61.13001(3) a rule of substantial compliance that may be overcome only by proof of prejudice. The mandate in section 61.13001(3) is clear: The parent seeking to relocate “must file a petition to relocate and serve it upon the other parent”; “[t]he pleadings must be in accordance with this section”; “[t]he petition to relocate must be signed under oath or affirmation under penalty of perjury”; the petition “must” include an enumerated list of information as well as contain a notice statement, set out in bold capital letters, and concerning how a response to the petition objecting to relocation “must ” appear and on whom it “must ” be served; and “[t]he petition to relocate must be served on the other parent and on every other person entitled to access to and time-sharing with the child.” § 61.13001(3)(a) & (b), Fla. Stat. (2009) (emphasis added). “When a court construes a statute, its goal is to ascertain legislative intent, and if the language of the statute under scrutiny is clear and unambiguous, there is no reason for construction beyond giving effect to the plain *1118 meaning of the statutory words.” Crutcher v. Sch. Bd. of Broward Cty., 834 So.2d 228, 232 (Fla. 1st DCA 2002) (citing Aetna Cas. & Sur. Co. v. Huntington Nat’l Bank, 609 So.2d 1315, 1317 (Fla.1992)). See also Saunders v. Saunders, 796 So.2d 1253, 1254 (Fla. 1st DCA 2001); but see State Farm Mut. Auto. Ins. Co. v. O’Kelley, 349 So.2d 717, 718 (Fla. 1st DCA 1977) (holding “[w]hile courts are not at liberty to resort to rules of statutory interpretation where the language of the statute is plain and unambiguous ... where the words are ambiguous the cardinal rule of construction is to interpret the statute in such a way that effect be given to the intention of the legislature”).
We cannot- ignore the legislature’s use in the statute of the emphatic “must” in order to achieve a more convenient result. See Raulerson v. Wright, 60 So.3d 487 (Fla. 1st DCA 2011). While the facts in Raulerson, might have presented a greater imperative for the strict application of the mandatory notice terms of section 61.13001(3), as the dissent argues, we cannot conclude the facts of this case demand any less strict application. Section 61.13001(3) says what it says, and we are impelled by its clarity to give effect to its terms. See also Milton v. Milton, 113 So.3d 1040 (Fla. 1st DCA 2013). In the present case, because there was no valid agreement between the parties regarding the children’s relocation, as described in section 61.13001(2), Florida Statutes (2009), Former Wife was obliged to comply strictly with the requirements of section 61.13001(3). The numerous references to relocation in the parties’ respective pleadings did not excuse her duty under the statute. Raulerson, 60 So.3d at 490.
Consequently, we reverse that portion of the trial court’s order granting Former Wife’s permission to relocate with the children.
AFFIRMED, in part, and REVERSED, in part.
RAY, J., concurs and THOMAS, J., dissents with opinion.