THOMAS, J.,
dissenting with opinion.
I respectfully dissent.
Two days before the first day of a bench trial during which the issue of Former Wife’s relocation to Italy with the parties’ children was to be litigated, Former Husband, for the first time, raised the issue of Former Wife’s failure to file a petition that strictly complied with section 61.13001, Florida Statutes. Yet Former Husband was fully aware of Former Wife’s desire to relocate, from the time she filed the first of her counter-petitions for dissolution of marriage in 2003 and throughout the ensuing divorce- litigation. The relocation issue was also the subject of discovery, including deposition testimony, and the issue was listed on the pre-trial stipulation. On appeal, Former Husband has failed to identify any prejudice as a result of Former Wife’s failure to strictly comply with the statute.
In fact, at the beginning of the trial, Former Husband’s counsel told the court: “Upon a review of the pleadings in this case, I realized that there has not been compliance with the relocation statute. And the statute has obviously changed in form throughout the years that this case has been pending.” Thus, although Former Husband’s counsel was prepared to go to trial on the issue, upon realizing on the eve of trial that Former Wife had not strictly complied with a pleading requirement, he moved to strike that issue.
In response to this last-minute maneuver by Former Husband’s counsel, Former Wife’s counsel filed an amended version of her counter-petition that complied with the statutory pleading requirement in all re *1119 spects except that it lacked Former Wife s signature under oath. But as previously noted, Former Wife was deposed about the issue, thus, there could be no prejudice to Former Husband regarding Former Wife’s prior sworn statement regarding relocation.
Juxtapose the facts here with those in Raulerson v. Wright, 60 So.3d 487 (Fla. 1st DCA 2011). There, the parent seeking to relocate with the parties’ child verbally notified the father of her intent just days before a previously scheduled hearing, and then hand delivered an unsworn notice of her intent to relocate. Id. at 488. The prejudice to the father in Raulerson was obvious on its face. Here, however, notice was never an issue, as the issue of relocation has been extensively litigated over a period of years. Thus, there was no prejudice, and Former Husband can identify no prejudice.
Thus, under these particular circumstances, the trial court correctly found that “the requirement for a formal ‘Petition for Relocation’ as defined by the statute [was] unnecessary in the instant case due to the date the dissolution was filed in 2003, the knowledge of the parties, prior to the trial, of all the factors which would have been sworn to under oath in a petition, and the lack of prejudice to the Husband.” Even if the trial court erred, the trial court’s ruling certainly was not an abuse of discretion under these facts, where no prejudice to Former Husband occurred. Consequently, I would affirm.