PER CURIAM.
Affirmed. See § 63.182(1), Fla. Stat. (2018) ("[A]n action or proceeding of any kind to vacate, set aside, or otherwise nullify a judgment of adoption or an underlying judgment terminating parental rights on any ground may not be filed more than [one] year after entry of the judgment ..."); Martin v. Adoption of L.M.D., 64 So.3d 758, 758 (Fla. 3d DCA 2011) ("Florida's statute of repose strictly limits motions to vacate adoption orders to one year. There are no exceptions."); see also D.M.T. v. T.M.H., 129 So.3d 320, 328-29 (Fla. 2013) ("Parental rights, which include the love and affection an individual has for his or her child, transcend the relationship between two consenting adults, and we see nothing in this record that makes either [woman] an exception that places those rights in one to the exclusion of the other. It is unknown what caused these two women to cross the proverbial line between love and hate, but that is a matter between [them]. Their separation does not dissolve the parental rights of either woman to the child, nor does it dissolve the love and affection either has for the child.") (quoting T.M.H. v. D.M.T., 79 So.3d 787, 802-03 (Fla. 5th DCA 2011) ); In re Adoption of D.P.P, 158 So.3d 633, 639 (Fla. 5th DCA 2014) ("[I]t would be unconscionable to allow [the mother] to invoke the jurisdiction of this court for the sole purpose of creating a parent-child relationship between [her child] and [her partner] and then to allow her to destroy that same relationship because her relationship with [her partner] has ended.").