# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-1943
LT Case No. 2019-DR-56506

_____

CHARLES EDWARD LANE,

    Appellant,

    v.

SAMARIA R. FULLER,

    Appellee.

_____

On appeal from the Circuit Court for Brevard County.
Michelle Pruitt Studstill, Judge.

Christine J. Lomas, of LomasLaw, P.A., Winter Park, for
Appellant.

No Appearance for Appellee.

June 7, 2024

JAY, J.

    In this family law case, the trial court entered a
"Supplemental Final Judgment for Modification and Relocation."
We reverse.

## I.

    Appellant ("Father") and Appellee ("Mother") have one child
together ("Child"). In 2020, Father and Mother agreed to a

parenting plan under which they received equal timesharing. The trial court entered a final paternity judgment approving the plan.

In 2022, Mother petitioned to modify the final judgment and to relocate with Child. In support of the modification, Mother alleged a single unanticipated change in circumstances after the final judgment, specifically, that she "received [a] substantial job offer" and "desire[d] to relocate the child to pursue the opportunity." She indicated that her new job would be in Jacksonville and that her "written job offer" was attached to the petition. However, the petition had no attachments. The petition also suggested that "Father would exercise long-distance time sharing with the child as more-specifically detailed in the Mother's forthcoming Parenting Plan." Nearly a year passed before Mother filed that plan.

After holding a trial,[1] the court entered the supplemental judgment that is the subject of this appeal. Within that judgment, the court granted relocation and modified the paternity judgment's parenting plan. The modified plan awards Mother 273 overnights per year—up from 182.5—states that Child will attend school in Clay County—where Mother now lives—and directs Mother to claim Child on her tax return annually—instead of alternating years with Father.

## II.

Generally, "[a]n order on a petition for relocation is reviewed for an abuse of discretion." *See Ness v. Martinez*, 249 So. 3d 754, 757 (Fla. 1st DCA 2018). However, "review of a trial court's interpretation and application of the relocation statute is de novo." *Hull v. Hull*, 273 So. 3d 1135, 1137 (Fla. 5th DCA 2019). An abuse of discretion standard also applies to an "order modifying a parenting plan and timesharing schedule." *Dickson v. Dickson*, 169 So. 3d 287, 289 (Fla. 5th DCA 2015). But "[t]he trial court has far less authority and discretion to modify timesharing than to make

---

[1] There is no transcript, but that does not prevent the correction of legal errors that appear on the face of the record. *See Moore v. Moore*, 334 So. 3d 382, 383 (Fla. 5th DCA 2022).

the initial timesharing determination." *Id.* Requests for modification have a much higher threshold. *See* § 61.13(3), Fla. Stat. (2022).

## A.

The first error apparent on the face of the record is that Mother's petition was legally insufficient.[2] A relocation petition "**must** be in accordance with" the relocation statute. § 61.13001(3), Fla. Stat. (2022) (emphasis added). Substantial compliance is not enough. *See Wing v. Wing*, 129 So. 3d 1116, 1118 (Fla. 1st DCA 2013) ("Former Wife was obliged to comply strictly with the requirements of section 61.13001(3).").

The statute mandates that if a parent wants to relocate "based upon a job offer that has been reduced to writing," then "the written job offer must be attached to the petition." § 61.13001(3)(a)5., Fla. Stat. Here, no job offer was attached. Also, the statute requires the petition to include a proposal for a revised timesharing schedule. § 61.13001(3)(a)6., Fla. Stat. Absent exceptions that are inapplicable to this case, "failure to comply with this provision renders the petition to relocate legally insufficient." *Id.* Mother did not file her proposed timesharing schedule until almost a year after she filed her petition. This procedure is out of step with the statute, which requires the

---

[2] The trial court ruled that Father waived this issue by not raising it before trial. But a petition's failure to state a cause of action "may be raised at any time." Philip J. Padovano, *Florida Civil Practice* § 8:23 (2024 ed.). Meaning, "failure to state a cause of action . . . may be raised by motion for judgment on the pleadings or at trial, even if [it] had not been raised in the responsive pleading or in a motion to dismiss." *Id.* at n.5; *see also* Fla. Fam. L. R. P. 12.140(h)(2); *Appel v. Lexington Ins. Co.*, 29 So. 3d 377, 379 (Fla. 5th DCA 2010) ("The defense of failure to state a cause of action . . . may be raised at the trial on the merits."). Despite that, Father did dispute the sufficiency of Mother's petition in his amended answer and counterpetition. Thus, Mother was put on notice of the problems with her petition long before the trial started.

proposal to be part of the petition. *See Vanderhoof v. Armstrong*, 49 Fla. L. Weekly D646 (Fla. 5th DCA Mar. 22, 2024) (holding it was reversible error to grant a relocation petition that did not include a post-relocation timesharing proposal because the absence of the proposal rendered the petition legally insufficient).

## B.

Beyond the multiple pleading deficiencies in the relocation portion of Mother's petition, the supplemental judgment also contains a finding that is incompatible with modifying the parenting plan. Specifically, the court found that "Mother works remotely from home."[3] This finding contradicts the central premise of Mother's petition—that Mother had to move because of her work. Mother touted her Jacksonville job offer as the "unanticipated" change that entitled her to modification.

Bottom line, the trial court modified the parenting plan—shifting 90.5 overnights annually from Father to Mother—based on a petition alleging that Mother had to relocate for work, but in doing so, found that Mother worked remotely. This was error. *See* § 61.13(3), Fla. Stat.; *Am. Residential Equities LLC v. Saint Catherine Holdings Corp.*, 306 So. 3d 1057, 1059 (Fla. 3d DCA 2020) ("The parties and the trial court are bound by the allegations in the pleadings."). While Mother's petition also identified living with her mother—Child's grandmother—as a ground for *relocation*, that living arrangement—by itself—was insufficient to serve as the predicate for modifying the parenting plan's timesharing schedule. *See, e.g., Villalba v. Villalba*, 316 So. 3d 366, 368 (Fla. 4th DCA 2021).

## C.

The supplemental judgment also awards Mother the right to claim Child "for federal income tax purposes each and every year." "In modification proceedings, as in other civil matters, courts are

---

[3] The supplemental judgment reflects that Mother left the job referenced in her petition so that she could work for a company that allows her to work from home.

4

not authorized to award relief not requested in the pleadings." *Nabinger v. Nabinger*, 82 So. 3d 1075, 1076 (Fla. 1st DCA 2011). This is so because "a court violates due process when it awards a remedy that a party did not seek." *Eadie v. Gillis*, 363 So. 3d 1115, 1117 (Fla. 5th DCA 2023). Under the 2020 final judgment, Father and Mother took turns claiming Child on their taxes. Mother's petition did not seek a change in that arrangement. Thus, altering the parties' tax return arrangement violated Father's due process rights. *Id.*

### III.

In sum, we reverse the supplemental judgment because it granted relocation based on a defective relocation petition, modified the parenting plan for a changed circumstance that did not exist, and awarded relief for a remedy that was never sought.

REVERSED.

WALLIS and SOUD, JJ., concur.

––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––