# Third District Court of Appeal

## State of Florida

Opinion filed April 9, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0946
Lower Tribunal No. 85-18364-CA-01
_____

**Harry Wayne Casey**,
Appellant,

vs.

**Richard R. Finch, et al.**,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Spencer Eig, Judge.

Fox Rothschild LLP, and Franklin L. Zemel (West Palm Beach) and Alan R. Poppe, for appellant.

Reiner & Reiner, P.A., and David P. Reiner, II, for appellee Richard R. Finch; Roberto Stanziale, P.A., and Roberto Stanziale (Fort Lauderdale), for appellees Evan S. Cohen, Esq., and Evan Cohen Music Law.

Before LOGUE, C.J., and SCALES and LOBREE, JJ.

SCALES, J.

Appellant Harry Wayne Casey ("Casey") challenges two April 26, 2024 trial court orders that discharged orders to show cause why appellee Richard R. Finch ("Finch") and appellees Evan Cohen and Evan Cohen Music Law (together "Cohen") should not be held in contempt of court. Because the trial court did not abuse its discretion by entering these discharge orders, we affirm.

*Relevant Background*

Casey and Finch were bandmates in the musical group K.C. and the Sunshine Band.[1] After a falling out, Casey and Finch entered into a Property Division Agreement in 1983 (the "Agreement"). One purpose of the Agreement was the transfer to Casey of all of Finch's copyright interests and rights to royalties in ninety-nine songs.

Soon after entering the Agreement, Finch filed, in the Miami-Dade County circuit court, a declaratory judgment action that sought, based on various theories, to invalidate the Agreement. Casey prevailed in the litigation, and, within the action's final declaratory judgment, the trial court

---

[1] For younger readers, K.C. and the Sunshine Band was formed in Hialeah, Florida, in 1973, and rose to prominence in the mid-1970s, landing five number one hits on the Billboard Hot 100 charts: "Get Down Tonight" (1975); "That's the Way I Like It" (1975); "(Shake, Shake, Shake) Shake Your Booty" (1976); "I'm Your Boogie Man" (1977); and "Please Don't Go" (1980).

enjoined Finch from asserting any claimed rights to Casey's royalties (the "1986 Injunction"). In the 1986 Injunction, the trial court reserved jurisdiction to enforce its terms.

In 2004, Finch contacted several entities claiming entitlement to royalties on ten of the songs identified in the Agreement. In response, Casey applied to the trial court to re-open the 1986 case, seeking to hold Finch in contempt for allegedly violating the 1986 Injunction. The trial court found that Finch's effort to obtain a share of royalties for the ten songs violated the Agreement and the 1986 Injunction. In holding Finch in contempt of court, the trial court further enjoined Finch – along with any agent or attorney of Finch – from "interfere[ing], hinder[ing], delay[ing] or obstruct[ing]" the payment of royalties due to Casey under the Agreement (the "2004 Injunction"). In the 2004 Injunction, the trial court reserved jurisdiction to enforce its terms.

Beginning in 2012, Finch undertook another effort to obtain a share of the royalties for the ninety-nine songs, though this effort was of a different character. Finch sought to assert rights afforded an "author" of a song under section 203 of the federal Copyright Act. Essentially, section 203 allows an author, after following a set of procedures, to terminate any prior grant of a

3

copyright interest after thirty-five years from the grant.[2] In 2021, Finch and his new attorney Cohen sent letters to two agencies that handle song royalty payments, claiming a fifty percent share of royalties.

After Casey objected, Finch, represented by Cohen, filed a lawsuit seeking declaratory relief in federal court in Florida.[3] On October 22, 2021, after Finch filed his federal lawsuit, Casey again moved to re-open the state court case, arguing that Finch's attempts to avail himself of section 203 relief violated the terms of the 1986 Injunction and the 2004 Injunction. The trial court reopened the case and issued show cause orders to both Finch and Cohen requiring them to show cause as to why they should not be held in contempt for violation of the injunctions. Finch and Cohen responded, arguing Finch was legally justified, pursuant to section 203, to reclaim his federal copyrights, irrespective of the state court injunctions.

---

[2] Section 203 provides that, after January 1, 1978, an "author" of a work – within a five-year window beginning after thirty-five years has passed from the date of the transfer – may terminate a prior transfer of a copyright. The termination process commences with the service of a written notice of termination in accordance with regulations issued by the Register of Copyrights. See 17 U.S.C. 203(a) (2021), While Finch appears to have complied with section 203's procedures, Casey has disputed whether Finch was an "author" of the songs as contemplated by section 203.

[3] Finch initially filed this lawsuit in federal court in California, voluntarily dismissed it, and re-filed it in the Southern District of Florida.

After conducting a two-day hearing on its show cause orders and the responses, the trial court entered the challenged April 26, 2024 orders, discharging its show cause orders without holding either Finch or Cohen in contempt. Casey timely appealed this order.

*Analysis*

At the outset, we note that the issue before us is not whether Finch is entitled to section 203 relief, or even whether Finch and Cohen's pursuit of section 203 relief violated the terms of the 1986 Injunction or the 2004 Injunction. We need not, and therefore do not, reach either of these issues because the discrete issue before us is whether the trial court abused its discretion by not finding Finch and Cohen in contempt.[4]

To reverse the trial court, we would have to determine, as a matter of law, that no reasonable judge presented with the facts and circumstances of this case would have refused to hold Finch and Cohen in contempt. See Universal Prop. & Cas. Ins. Co. v. Armand, 50 Fla. L. Weekly D272, 2025 WL 322028, at *1 (Fla. 3d DCA Jan. 29, 2025) ("The Court's role in reviewing

---

[4] Our standard of review of a contempt determination is abuse of discretion. Bath Club Ent., LLC v. Residences at the Bath Club Maint. Ass'n, 348 So. 3d 16, 19 (Fla. 3d DCA 2022); Milton v. Milton, 113 So. 3d 1040, 1040 (Fla. 1st DCA 2013) ("There is nothing that *requires* a trial court to hold a person in contempt; the court's determination in this regard is reviewed for abuse of discretion.").

a discretionary act is to 'acknowledge that reasonable persons might differ as to what is an appropriate' ruling and simply determine whether the decision lies 'within the parameters of reasonableness.'") (quoting <u>Canakaris v. Canakaris</u>, 382 So. 2d 1197, 1204 (Fla. 1980))).

In discharging its show cause orders, the trial court concluded it could not hold Finch and Cohen in contempt for filing Finch's federal declaratory relief lawsuit; in other words, the trial court concluded that the allegedly contemptuous act did not clearly violate the injunctions. <u>See</u> <u>Osmo Tec SACV Co. v. Crane Envtl., Inc.</u>, 884 So. 2d 324, 326 (Fla. 2d DCA 2004). As the trial court pointed out at the hearing, no reported Florida case supports the notion that a trial court must hold a party in contempt for filing such a federal lawsuit. Furthermore, Casey has not cited to us a single Florida case where an appellate court has reversed a trial court's decision not to hold a party in contempt.

We conclude that the trial court did not abuse its discretion in discharging both orders to show cause without holding Finch and Cohen in contempt.

Affirmed.

6