ALTENBERND, Judge.
 

 Patricia C. Needham appeals the final judgment of dissolution of her marriage to Matthew Needham. The primary issue both at trial and on appeal is the custody of the couple’s young child. The trial court established a parenting plan under which the parents have shared parental responsibility and the husband has the greater share of the child’s time. As to that issue, we affirm the trial court’s order on appeal. We reverse the award of child support payable by the wife to the husband. On remand, the trial court is not compelled to change the amount of this award, but it shall re-examine the financial affidavits and consider the potential impact of an older child from another marriage who lives with the wife.
 

 There is little need to discuss the trial court’s factual determinations in this case. Procedurally, the parties used all of their allotted hearing time presenting evidence, primarily on the issue of custody. There was confusion between the two attorneys as to when and how child support would be calculated. The wife’s attorney came to the hearing believing that child support was going to be determined by a hearing examiner after the trial court made a custody decision, and the husband’s attorney believed the issue was an evidentiary matter for the trial court. The case had been continued once and some of the financial information was stale. Because the parties used up all of their allotted time, the trial court ordered them to submit proposed judgments, including child support calculations. The trial judge was approaching retirement and wished to resolve the matter before she left the bench. Without an additional hearing, the trial judge signed the final judgment on her last day in office.
 

 Although the wife has raised several issues relating to child support, this court is only concerned with one aspect of that award. Throughout the record there is extensive evidence that the wife has custody of a teenage daughter from an earlier marriage. The only financial information in the record suggests that she is not receiving child support from her prior husband for this child. The final judgment made no adjustment in the award of child support to the husband in consideration of the wife’s expenses associated with her teenage daughter. More important, it contains nothing to suggest that the trial court even considered the effect of the older child.
 

 Section 61.30(11), Florida Statutes (2005), contains no specific method for the resolution of this issue, but the case law provides that the trial court has discretion to consider this factor and can abuse its discretion if it fails to adjust child support to reflect the impact of this factor under some circumstances.
 
 See, e.g., Flanagan
 
 
 *1291
 

 v. Flanagan,
 
 673 So.2d 894 (Fla. 2d DCA 1996);
 
 Ogando v. Munoz,
 
 962 So.2d 957 (Fla. 3d DCA 2007).
 

 From this record, we conclude that the trial court erred in failing to consider this factor. We do not hold that the trial court abused its discretion in awarding the amount of child support that it awarded. Thus, on remand, we are not compelling the trial court to adjust this amount. We are merely requiring the trial court to give due consideration to this factor in making its determination of child support. Because this matter will be resolved by a different judge on remand, we do not prohibit the trial court from considering any additional evidence that it may require to make an appropriate exercise of its discretion.
 

 Affirmed in part, reversed in part, and remanded.
 

 DAVIS, J., and WILLIAMS, CHARLES E., Associate Judge, Concur.