WARNER, J.
In this acrimonious dissolution of marriage proceeding, the trial court entered a final judgment which, among other matters, permitted the mother to relocate from Broward County to Vero Beach, providing for a 50/50 time-sharing arrangement; failed to impute any income to the mother for the purposes of child support, based upon a finding that the parties agreed that she would not work during the child’s early years; and required the father to provide two million dollars in life insurance to secure child support. Because the trial court made no findings, either oral or written, based on the statutory factors involved in relocation decisions, and the sole reason proffered by the mother is insufficient, we reverse the determination. We also reverse the child support determination to the extent that the trial court’s finding of an agreement between the parties for her not to work is not supported by any evidence in the record. And we reverse the life insurance provision because the court failed to determine the proper amount needed to secure the obligation, its availability, and its cost.
The parties were married in 2003. They entered into a pre-marital agreement in which the mother agreed to waive any claim for alimony and accept payment of $50,000 for each child born of the marriage, should the marriage last at least five years. They had a child in 2009. Shortly after the birth of the child, the marital difficulties intensified.

Relocation

The mother commenced dissolution of marriage proceedings in June 2010. Shortly after filing her initial petition for dissolution, the mother amended the petition, requesting to relocate with the child to Vero Beach, Florida. In her petition, she claimed that she was unemployed and had no financial prospects in the Broward County area, and the father was not providing for her support. Her adult son, who is in the military, owned a home in Vero where she could move. The petition alleged that relocation would improve the general quality of life for her and the child because of its financial benefits. Within three months of the filing of the petition, the parties entered into a mediated settlement of temporary support and child matters. The father agreed to purchase a townhome in Broward County for her and *1237 the child and pay for all of its expenses, pending a final judgment of dissolution. The mother and child lived in the home until the final hearing.
Between the filing of the dissolution through the trial, the parties argued over the child and his care, involving many hearings and orders from the court. The mother claimed that the father was overbearing and harassing, and the father claimed that the mother was trying to prevent him from developing a relationship with the child and was not attending to the child’s developmental issues.
The court conducted a trial of the matter over several days. As to relocation, the mother testified that she had purchased the home in Vero Beach during the marriage as a kind of safe haven for her from her husband’s harassment. She then transferred the home to her adult son. Presently, with the mortgage, the home was “underwater.” She paid over half of each mortgage payment. At the time of trial, she did not have funds to pay the mortgage. Instead, she was paying the mortgage from her unemployment compensation funds, but these funds had terminated. She had no choice but to move to Vero Beach, because the father was “kicking [her] out” of the townhome in Broward County, and she did not have a job. The father’s attorney asked her about her reasons for relocation, “[0]ther than the house, there’s no other reason that you desire to go to Vero Beach, right?” She responded affirmatively, “That’s right.” In fact, despite her conflicts with the father, she did not mind living in Broward County. The mother has friends and family in Broward County. She does not have any family or friends in Vero Beach.
After the testimony in the trial, the court took the matter under advisement. It made no findings at the trial. It did enter a temporary order in which it granted the mother the right to relocate to Vero Beach and provided for a 50/50 time-sharing arrangement with each parent having the child for a week at a time. The order merely granted the relocation without making any findings, even that it was in the best interests of the child. The court determined that it could revisit the matter in the final judgment. Nevertheless, in the final judgment, the court merely referred to the fact that it had already granted relocation without elucidating any further its reasons for doing so.
On appeal, the court reviews the trial court’s decision on a petition to relocate with a minor child under an abuse of discretion standard. Rossman v. Profera, 67 So.3d 363, 365 (Fla. 4th DCA 2011). The trial court’s decision will be affirmed if the statutory findings are supported by substantial competent evidence. Id. This court’s review is hampered, because the trial court made no findings of fact, either oral or written, on any of the relevant factors involved in a decision to grant or deny relocation of a parent. See § 61.13001(7), Fla. Stat. (2012). That section requires that the court “shall evaluate all ” of the statutory factors. § 61.13001(7), Fla. Stat. (2012) (emphasis added). Here, nothing in the record shows that the trial court evaluated any of the factors, as no evidence was presented at all on most of them. We are left with the mother’s statement that her sole reason for moving was the availability of the house in Vero Beach. Even that reason does not withstand scrutiny. At the time of the final hearing, the home in Vero Beach was owned by her son, not her, and was rented to tenants. In order for her to occupy the house, the tenants were required to move, and thus end their rental payments. The mortgage payment and expense of maintaining the home would fall on her and her son. She *1238 testified that she paid half of the rent from her unemployment check, but by the time of trial she had exhausted unemployment benefits. Therefore, at the time the court permitted relocation, she did not have the money to make her share of the mortgage payments. There is no evidence that she could make the payments on the mortgage. On this record, the home in Vero Beach did not provide any stable housing for her and the child.
That a parent has a home in another location cannot be the sole basis for permitting relocation under the statutory provisions. Any parent could simply purchase a home in a distant location and claim that because of economic circumstances, he or she must move there. The statute requires a far more thorough analysis of the situation and the impact on both the child and both parents.
The trial court may have thought that because the child was so young, and the court was ordering 50/50 time-sharing, relocation would not impact the father/son relationship. At the very least, however, when the child becomes of school age, the time-sharing arrangements will have to change because of the school schedule. That may place the father with a significant loss of contact because of the distance between them.
On this record, permitting relocation is an abuse of discretion, because there is no competent substantial evidence to support it. See, e.g., Cecemski v. Cecemski, 954 So.2d 1227, 1231 (Fla. 2d DCA 2007).

Imputation of Income to Mother for Child Support

In the final judgment, the court determined that it would not impute income to the mother in the child support determination. The court found:
The Wife worked as a Deputy City Clerk prior to the marriage, earning approximately $40,000.00 per year. She has not worked since the birth of the minor child. Although she has the ability to go back to work, the Court believes that the parties agreed she would not do so, at least until the child is old enough to go to school (kindergarten) full time.
We could find no reference at all in the transcript to any such agreement, and it is contradicted by her working immediately after the birth of the child and her continuing to search for work.
The mother testified that she made $75,000 as a city clerk prior to the marriage. She maintained that the father asked her to quit her job and work for his medical practice, which she did even though she was paid less. Contrary to the trial court’s findings, she worked after the child was born, returning to work a week after the birth. A few months later, the father fired her, and she has collected unemployment compensation ever since. She has gone on several interviews for positions in Broward and Palm Beach Counties without any results. She has also interviewed for two positions in Indian River County.
Based upon the evidence presented, the court could have concluded that the mother was not voluntarily unemployed, because no proof was offered that she refused to accept an available job. However, the court erred in determining that she was not employed based upon the agreement of the parties. The mother is looking for, and indeed must find, gainful employment to support herself and the child. When she finds employment, the father may be entitled to seek modification, and the trial court’s finding of a non-existent agreement that she not work until the child is school age would preclude his ability to do so. We thus reverse that finding because it is not supported by competent substantial evidence.

*1239
Life Insurance

In the final judgment the court ordered the husband to obtain two million dollars of insurance on his life “to cover the monetary needs of the child in the event the Husband become (sic) ’permanently disabled, retires or passes away.” (Emphasis added). No evidence was presented as to the cost of such insurance or how the court might have arrived at that amount.
Pursuant to section 61.13(l)(c), Florida Statutes (2012), a court may order a party to purchase or maintain a life insurance policy to protect an award of child support. To do so, the trial court must make findings of a need and determine the availability and cost of such insurance. See Guerin v. DiRoma, 819 So.2d 968, 970 (Fla. 4th DCA 2002). Moreover, the amount required must bear a reasonable relationship to the child support awarded. See Peters v. Blackshear, 53 So.3d 1233, 1234 (Fla. 1st DCA 2011). Here, the trial court made no findings of availability and cost of such insurance, nor of the amount required to secure the child support obligation. On this record, two million dollars far exceeds the amount of child support awarded, or even the cost of additional “needs” of the child.
 Finally, the trial court ordered the father to include insurance for disability and retirement protection for the child. There is no authority for such an award. Because voluntary retirement is not a ground for modification of child support, the child does not need protection from that event. See Pimm v. Pimm, 601 So.2d 534, 537 (Fla.1992). Disability, on the other hand, may be a ground for downward modification. See, e.g., Wallace v. Dep’t of Revenue, 774 So.2d 804, 806-07 (Fla. 2d DCA 2000). The parent has no obligation to secure the amount of child support regardless of all future circumstances that may befall the parent. We therefore reverse and remand for the trial court to conduct a hearing to determine the amount of life insurance required to secure the father’s obligations and to further determine its availability and cost to assure that the father has the ability and means to secure it. The trial court shall also delete the requirement that insurance cover the events of disability and retirement.
For the foregoing reasons, we reverse the final judgment to the extent that it approves the mother’s petition for relocation. We also reverse the findings on the mother’s income, but we do not require the trial court to impute income to the mother based upon the evidence presented. We reverse as to the life insurance provision in accordance with the foregoing directions. In all other respects, we affirm on the issues raised by the father. Our affir-mance, however, is without prejudice to the trial court re-assessing the time-sharing arrangement given our reversal of the relocation determination.

Affirmed in part, reversed in part and remanded.

GERBER and LEVINE, JJ., concur.