PER CURIAM.
This is an appeal in a paternity action where the parents are well meaning, but there is inadequate money available to create the best situation for all involved. The father lives in New Jersey, the mother in Florida. The father has a wife and two other children and has a gross monthly income of $2,240.50 per month; the mother (not the father’s wife) earns $11 per hour and has day care costs of $20 per week. The judge entered a detailed, thoughtful final judgment granting primary physical custody to the mother and allowing the father more liberal visitation over time. We affirm the final judgment in all respects but two.
First, we reverse the child support award and remand to the circuit court to take into consideration the economic effects of the father’s other two children and anticipated travel costs under subsections 61.30(1)(a) & (11)(a)11., Florida Statutes (2010). Subsection 61.30(l)(a) allows a court to vary a guideline amount of child support by “plus or minus 5 percent, from the guideline amount, after considering all relevant factors, including the needs of the child or children, age, station in life, standard of living, and the financial status and ability of each parent” (Emphasis supplied). Subsection 61.30(11)(a)11. allows a judge to “adjust the total minimum child support award” based upon “a reasonable and necessary existing expense or debt” or any other “adjustment that is needed to achieve an equitable result.” See Hutslar v. Lappin, 652 So.2d 432, 434 (Fla. 1st DCA 1995) (construing section 61.30(11)(a)11. “as vesting broad discretion in the trial court to consider a custodial parent’s obligation of support to other children, in the calculation of his or her income for purposes of determining that parent’s support obligation”); Needham v. Needham, 39 So.3d 1289, 1290-91 (Fla. 2d DCA 2010) (stating that, “under some circumstances,” a court may abuse its discretion if it fails to consider the economic effect of a previously born child when calculating child support).
Second, we remand for the court to correct what appears to be two typographical errors in the parenting plan. Section VIII of the plan provides that the parties are free to travel within the United States with the child during timesharing; this provision is at odds with that portion of the plan that requires the father to effec *1078 tuate his monthly timesharing in Florida. Another provision which states that each party shall be responsible for his or her own airline ticket when the child is flying “unaccompanied” appears to be in error, as logic would dictate that this provision should have read “accompanied.” In its discretion, the trial court may also address the other “inconsistencies” identified by the father. These “inconsistencies,” however, were not so pervasive or significant that they constitute an abuse of discretion requiring reversal of the entire parenting plan.

Affirmed in part, reversed in part, and remanded.

GROSS, FORST, JJ., and ROSENBERG, ROBIN, Associate Judge, concur.