Conner, J.
In this dissolution of marriage case, the husband has appealed and the wife has cross-appealed the final judgment of dissolution of marriage and the rehearing order. We affirm, without discussion, the issues raised in the husband’s appeal. As to the wife’s cross appeal, we reverse the final judgment and remand for an order authorizing relocation and for proceedings to determine a new timesharing schedule based on the relocation.

Factual Background

The husband and wife were married for twelve years and have two minor children, who were ages eight and six at the time of the final judgment. One of the primary issues in the underlying dissolution of marriage proceeding was the wife’s petition to relocate back to Virginia with the couplé’s two minor children, which the husband opposed. The record reflects that the couple had lived in Virginia for fifteen years prior to moving to Florida in 2012, for just two years before the wife filed for divorce in 2014. The wife alleged the relocation back to Virginia would be in the children’s best interest and that it would eliminate her need to constantly travel for her job, which requires her to meet with key clients near her place of employment. It appears the parties moved to Florida in 2012 after the husband lost his job in Virginia. Meanwhile, the wife continued to travel to1 Virginia for work. Additionally, *654 the wife alleged the husband suffers from mental health issues related to his compulsive gambling, which is what led to the wife’s decision to file for the dissolution of marriage and to return home to Virginia.
The matter proceeded to a six-day bench trial, in which a substantial portion'of the testimony concerned the wife’s request for relocation to Virginia, as well as the husband’s gambling addiction. The wife testified that the marriage began to deteriorate in 2011 with the discovery that the husband had gambled away the family's ample savings.. There was also substantial evidence of the husband’s mental health issues. The wife testified that when the husband was unhappy, he would have periods of non-communication where he would stay in bed for multiple, days and not function as part of the family unit. The husband acknowledged his mental health issues, expressing his understanding that he needed to get better so that he could be a part of the family and be able to do things with his children. Initially, the wife decided to give the husband another chance on the condition that he seek help and stop gambling, However, she testified that since 2011, the husband continued to have his ups and downs, and that she offered her support until 2014 when she caught the husband gambling on two occasions, prompting her to file for divorce. Notably, there was evidence that the husband’s behavior and mental state got progressively worse between the time the. wife announced her intention to end the marriage and the time of the trial, including continued compulsive gambling and an incident three days prior to trial in which the husband was pulled over by the police and called the wife in the early morning hours to pick him up, appearing to be drunk.
Following trial,- the trial court issued its final judgment. With respect to the wife’s petition for relocation, the trial court evaluated the evidence based on the statutory factors provided in section 61.13001, Florida Statutes. Ultimately, the trial court found that the wife proved by a preponderance of the evidence that relocation was in the best interest of the children. However, the trial court noted that pursuant to the statute, after the burden is met by the wife, it then shifts to the husband to overcome the wife’s proofs. The trial court noted that the husband’s position was that he would give up his gambling behavior and work harder on .his mental health issues. It stated that the question before it was “whether to give the husband, in essence another chance.” In this regard, the trial court found that although the wife did meet her burden of proof, “the husband will be able to overcome the wife’s burden of proof, provided the following takes place.” The trial court then listed several conditions which required, in part, that the husband not gamble or enter any casinos, that he attend Gamblers Anonymous, disclose to the wife the identity of his therapist, maintain regular therapy, take any prescribed medication concerning his mental health, and to actually exercise his timesharing with the children. The trial court found that “if the husband does all of those things,” the best' interests of the children will be enhanced. The- trial court noted that the wife’s burden of proof had been met “absent the husband meeting his conditions, ” Based on the above, the trial court denied the wife’s petition for relocation.

Analysis

On cross appeal, the wife argues that the trial court abused its discretion by permitting the husband to rebut the trial court’s finding that relocation was in the best interests of the children through nothing more than the promise of a change to his future behavior. We agree.
*655 The standard of review for a trial court’s order on a petition to relocate is abuse of discretion. Botterbusch v. Botterbusch, 851 So.2d 903, 904 (Fla. 4th DCA 2003). In this regard, an appellate court reviews whether there is competent substantial evidence to support the trial court’s findings of fact, but does not engage in reweighing the evidence. Id.
Section 61.13001(8), Florida Statutes (2016), governs the burden of proof for rulings on relocation and provides as follows:
(8) BURDEN OF PROOF.—The parent or other person wishing to relocate has the burden of proving by a preponderance of the evidence that relocation is in the best interest of the child. If that burden of proof is met, the burden shifts to the nonrelocating parent or other person to show by a preponderance of the evidence that the proposed relocation is not in the best interest of the child.
§ 61.13001(8), Fla. Stat. (2016) (emphasis added).
In this case, the wife bore the initial burden of showing that relocation was in the best interest of the children, and the trial court found that the wife met her burden. The burden then shifted to the husband to prove by a preponderance of the evidence that relocation was not in the children’s best interest. However, the trial court made no finding that the husband met this burden of proof. Instead, it made clear that the husband had not met this burden, stating that the “husband will.be able to overcome the wife’s burden of proof, provided the following takes place.” The trial court then proceeded to deny the petition for relocation based on events that had not yet occurred in hopes that the husband could change his ways. However, this was error. The husband could only satisfy his burden of proof by actually producing evidence sufficient to meet the standard set forth in section 61.13001(8), and not merely by a promise to. do better. A court may not consider potential future, or even anticipated, events as a substitute for evidence. See Purin v. Purin, 158 So.3d 752, 753 (Fla. 2d DCA 2015) (quoting Nelson v. Nelson, 651 So.2d 1252, 1254 (Fla. 1st DCA 1995)). As the wife argues, the trial court in this case essentially-relieved the husband of meeting his burden of proof altogether because it denied the motion for relocation even after finding that the husband did not otherwise rebut the wife’s showing that relocation was in the best interests of the children.
In addition, the trial .court’s ruling violated our supreme court’s mandate in Arthur v. Arthur, 54 So.3d 454 (Fla. 2010), requiring that best interest determinations concerning petitions for relocation be made “at the time of the final-hearing” and be supported by competent substantial evidence. Id. at 459, The supreme court in Arthur rejected a “prospective based” analysis concerning petitions for relocation, stating:
Indeed, a trial court 'is not equipped with a “crystal ball” that enables it to prophetically determine whether future relocation is in the best interests of a child. Any one of the various factors outlined in section 61.13001(7) that, the trial court is required to consider, such as the financial stability of a parent or the suitability of the new location for the child, could change within the extended time period given by the court before relocation. Because tridl courts are unable to predict whether a change in any of the statutory factors will occur, the proper review of a petition for relocation entails a best interests determination at the time of the final hearing, ie. a “present-based” analysis.
Id. (emphasis added). In this case, by permitting the husband to overcome his bur *656 den of proof against relocation through a promise to change his behavior in the future, the trial court violated Arthur. As such, we determine that the trial court abused its discretion in denying the wife’s petition for relocation, where the trial court found that the wife had satisfied her burden of proof and'where the husband had not.
We therefore reverse the final judgment and remand for an order authorizing the wife’s relocation to Virginia with the minor children and for proceedings to determine a new timesharing schedule based on the relocation. We note that the trial judge who issued the final judgment is no longer serving on the bench, thus, a further evi-dentiary hearing is necessary to establish an appropriate timesharing schedule.
The remainder of the issues raised concerning the imposition of conditions, monitoring criteria, the automatic relocation upon any violation of the conditions, and the propriety of the timesharing schedule approved in the final judgment, are thereby rendered moot. To the extent the wife argues it was error to deny an agreed upon social investigation, we affirm the ruling without prejudice should a social investigation be sought on remand for purposes of determining the new timesharing schedule. See § 61.20(1), Fla. Stat. (2014).

Affirmed in part, reversed in part, and remanded

Gross and Kuntz, JJ., concur.