DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RACHEL A. CHALMERS,**
Appellant,

v.

**JOSEPH A. CHALMERS,**
Appellee.

No. 4D18-2246

[November 28, 2018]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Charles A. Schwab, Judge; L.T. Case No. 562015DR002540.

Jeremy Dicker and Robin Bresky of Law Offices of Robin Bresky, Boca Raton, for appellant.

Karen L. Johnson of Karen L. Johnson, P.A., Stuart, for appellee.

GERBER, C.J.

We affirm the former wife's appeal of the circuit court's final judgment of dissolution of marriage, which grants the former husband's request for relocation with the parties' child.

We recognize that reasonable minds could differ on whether the request for relocation should have been granted. But we are bound to follow the mixed standard of review which applies to this case.

"[T]he question of whether the trial court properly applied the relocation statute [section 61.13001, Florida Statutes] is a matter of law, reviewed de novo." *Milton v. Milton*, 113 So. 3d 1040, 1041 (Fla. 1st DCA 2013). However, "the [appellate] court reviews the trial court's decision on a petition to relocate with a minor child under an abuse of discretion standard. The trial court's decision will be affirmed if the statutory findings are supported by substantial competent evidence." *Eckert v. Eckert*, 107 So. 3d 1235, 1237 (Fla. 4th DCA 2013) (emphasis and citation omitted). The appellate court "does not engage in reweighing the evidence." *Solomon v. Solomon*, 221 So. 3d 652, 655 (Fla. 4th DCA 2017). "Instead [the appellate court] must affirm if substantial competent

evidence exists to support the [circuit] court's decision." *Cecemski v. Cecemski*, 954 So. 2d 1227, 1228 (Fla. 2d DCA 2007).

"Ultimately, the concern in a relocation determination is whether the relocation is in the best interests of the child." *Rossman v. Profera*, 67 So. 3d 363, 365 (Fla. 4th DCA 2011). "A presumption in favor of or against a request to relocate with the child does not arise if a parent or other person seeks to relocate and the move will materially affect the current schedule of contact, access, and time-sharing with the nonrelocating parent or other person." § 61.13001(7), Fla. Stat. (2017).

Here, the circuit court properly applied the relocation statute as a matter of law. The circuit court's final judgment set forth its detailed findings of fact as to each factor used to determine the best interests of the child under section 61.13(3), Florida Statutes (2017), and to determine a contested relocation under section 61.13001(7), Florida Statutes (2017). The circuit court did not make any presumption in favor of or against the former husband's request for relocation.

Further, competent substantial evidence supports the circuit court's findings of fact. Competent substantial evidence also supports the circuit court's ultimate decisions, under section 61.13001(8), Florida Statutes (2017), that the former husband met his initial burden of proving by a preponderance of the evidence that relocation is in the best interests of the child, and that the former wife did not meet her resulting burden of showing by a preponderance of the evidence that the proposed relocation is not in the best interests of the child.

We can find no abuse of discretion. Therefore, we must affirm.

*Affirmed.*

WARNER and FORST, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**