DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CAROL PUHL** n/k/a **CAROL MORLEY**,
Appellant,

v.

**THOMAS PUHL**,
Appellee.

No. 4D18-365

[November 28, 2018]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Sherwood Bauer, Jr., Judge; L.T. Case No. 562015DR001961.

Chet E. Weinbaum, Fort Pierce, for appellant.

No appearance for appellee.

KUNTZ, J.

The Former Wife timely appeals the circuit court's final order granting the Former Husband's second amended supplemental petition for modification of timesharing and parental responsibility. Because we find that there was no substantial, material, and unanticipated change in circumstances supporting modification, we reverse.

### *Background*

The circuit court entered a final judgment of dissolution of marriage, which incorporated an agreed parenting plan. The agreed parenting plan provided that the parties had shared parental responsibility and, if they could not agree, the Former Wife had ultimate decision-making authority over the child's education, healthcare, and religious upbringing.

One year after the court adopted the agreed parenting plan, the Former Husband filed his second amended supplemental petition for modification of timesharing and parental responsibility. He argued that a "substantial, material, permanent and unanticipated change in circumstances," relating to the Former Wife's care of the minor child's health, justified amendment

to the parenting plan.  The Former Husband alleged the Former Wife was deciding healthcare issues for the child without consulting him and was requiring the child to receive unnecessary medical treatment.  As a result of the alleged change in circumstances and the Former Wife's alleged "detrimental" actions, the Former Husband requested that he have ultimate decision-making authority.

The court held an evidentiary hearing and granted the Former Husband's motion.

## *Analysis*

"[A] determination of parental responsibility, a parenting plan, or a time-sharing schedule may not be modified without a showing of a substantial, material, and unanticipated change in circumstances and a determination that the modification is in the best interests of the child." *Reed v. Reed*, 182 So. 3d 837, 840 (Fla. 4th DCA 2018) (quoting § 61.13(3), Fla. Stat. (2014)).

The burden to establish the substantial, material, and unanticipated change in circumstances is on the movant.  *Id.* (quoting *Chamberlain v. Eisinger*, 159 So. 3d 185, 189 (Fla. 4th DCA 2015)).  And it is an "extraordinary burden."  *Sanchez v. Hernandez*, 45 So. 3d 57, 61–62 (Fla. 4th DCA 2010) (quoting *Shaw v. Nelson*, 4 So. 3d 740, 742 (Fla. 1st DCA 2009)).

The Former Wife relies on *Sanchez* to support her position that the court erroneously granted modification.  In *Sanchez*, the mother was the primary residential parent, with custody rotating between the mother in Pennsylvania and the father in Florida.  45 So. 3d at 58.  The father petitioned for modification based on a substantial change in circumstances—"an increased lack of communication" between him and the mother.  *Id.* at 58–59.  The father also conceded that he agreed in the original agreement that the mother would be the primary residential parent.  *Id.* at 58.

In *Sanchez*, the father also testified that "he learned of instances where the mother had not kept him informed regarding various medical issues with the child," such as the child dislocating her shoulder and almost developing pneumonia.  *Id.* at 59.  Notably, the mother had taken the child to see a psychiatrist, but "[t]he father did not think there was a need for the child to see a psychiatrist[.]"  *Id.* at 59–60.  The circuit court concluded "that there had been a substantial and material change in circumstances"

2

and granted the father's petition, designating him as the primary residential parent. *Id.* at 61.

We reversed, holding that "[e]ven when the custodial mother does not keep the father apprised of a child's activities, and the father has the ability to keep himself informed, such evidence only establishes a communication problem which does not constitute a change in circumstances for the purposes of custody modification." *Id.* at 62 (citation and footnote omitted). We concluded that "the evidence presented to the trial court was insufficient to meet the extraordinary burden necessary to justify judicial intervention in the custody arrangement initially agreed upon by the parties." *Id.* (citing *Wyckoff v. Wyckoff*, 820 So. 2d 350, 356 (Fla. 2d DCA 2002)).

As in *Sanchez*, the Former Husband alleges the Former Wife is taking the child to therapy that the child does not need. But a medical professional diagnosed the child with the condition for which the Former Wife seeks treatment. And the record supports a finding that the child's issue arose *before* entry of the final judgment of dissolution. The Former Husband also conceded in his second petition that the child was diagnosed with certain issues before the entry of the final judgment of dissolution.

These facts do not support a finding of a substantial, material, and unanticipated change in circumstances. Thus, modification was improper.

## Conclusion

We reverse the circuit court's order granting the Former Husband's second petition for modification.

*Reversed.*

TAYLOR and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

3