DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHRISTOPHER CLARK,**
Appellant,

v.

**BRITTANY MEIZLIK,**
Appellee.

No. 4D19-2069

[January 29, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Cynthia L. Cox, Judge; L.T. Case No. 312015DR000388.

Christopher Clerk, Vero Beach, pro se.

Brittany Meizlik, St. Augustine, pro se.

KLINGENSMITH, J.

Christopher Clark appeals the trial court's final judgment granting Brittany Meizlik's petition to relocate with the couple's daughter. Among the issues raised on appeal, Clark claims the language contained in the long-distance parenting plan approved by the trial court does not comply with the requirements of section 61.13001, Florida Statutes (2018). We agree and reverse on that point. We affirm on all other issues.

During her pregnancy, Meizlik moved to Indian River County to facilitate Clark's relationship with their child. Shortly after their daughter's first birthday, Meizlik informed Clark that she wished to move to St. Johns County due to a recent job offer, and thereafter petitioned the court for temporary relocation. Meizlik's petition was granted and she left Vero Beach for St. Augustine. One week after the court approved the petition, Clark moved for rehearing after Meizlik submitted a financial affidavit stating that she was unemployed. On rehearing, Clark's motion was granted and the court ordered Meizlik to return with the child to Indian River County within ten days.

Six months later, Clark and Meizlik agreed to a parenting plan that included a time-sharing schedule whereby both parties were to exercise shared legal and physical custody of their daughter. This plan was ultimately approved by the court.

This parenting plan remained in place for two years until Meizlik once again petitioned for temporary relocation to accept another job opportunity in St. Johns County. The trial court held an evidentiary hearing and again approved Meizlik's petition for temporary relocation over Clark's opposition. In granting the temporary relocation, the court also approved an amended parenting plan decreasing Clark's annual overnight visits with his daughter and giving Meizlik decision-making authority over educational and non-emergency medical decisions. Ultimately, the court found that relocation was in the daughter's best interests and entered a final judgment granting permanent relocation that incorporated a long-distance parenting plan. However, that parenting plan included a provision that "any additional relocation of [daughter] outside of Vero Beach or St. Augustine is subject to and must be sought in compliance with section 61.13001, Florida Statutes [the relocation statute]." Clark's appeal of this final judgment, and parenting plan therein, followed.

This court has previously stated that:

> "[T]he [appellate] court reviews the trial court's decision on a petition to relocate with a minor child under an abuse of discretion standard. The trial court's decision will be affirmed if the statutory findings are supported by substantial competent evidence." *Eckert v. Eckert*, 107 So.3d 1235, 1237 (Fla. 4th DCA 2013) (emphasis and citation omitted). The appellate court "does not engage in reweighing the evidence." *Solomon v. Solomon*, 221 So. 3d 652, 655 (Fla. 4th DCA 2017). "Instead [the appellate court] must affirm if substantial competent evidence exists to support the [circuit] court's decision." *Cecemski v. Cecemski*, 954 So. 2d 1227, 1228 (Fla. 2d DCA 2007).

*Chalmers v. Chalmers*, 259 So. 3d 878, 879 (Fla. 4th DCA 2018).

Although "reasonable minds could differ on whether the request for relocation should have been granted," we are bound to affirm a trial court's decision that is supported by "substantial competent evidence." *See id.* Here, the court's order granting relocation made numerous findings of fact as a result of testimony presented at an evidentiary

2

hearing. Based on the record, there was sufficient evidence to support the trial court's final judgment such that it did not abuse its discretion when it granted the petition for relocation after considering the factors in section 61.13001(7).

However, "[t]he question of whether the trial court properly applied the relocation statute [section 61.13001, Florida Statutes] is a matter of law, reviewed de novo." *Id.* (citing *Milton v. Milton*, 113 So. 3d 1040, 1041 (Fla. 1st DCA 2013)). Section 61.13001(1)(e) defines "relocation" as:

> a change in the location of the principal residence of a parent or other person from his or her principal place of residence at the time of the last order establishing or modifying time-sharing, or at the time of filing the pending action to establish or modify time-sharing. **The change of location must be at least 50 miles from that residence, and for at least 60 consecutive days** not including a temporary absence from the principal residence for purposes of vacation, education, or the provision of health care for the child.

§ 61.13001(1)(e), Fla. Stat. (emphasis added).

Clark argues that the following language in the long-distance parenting plan does not comply with the "fifty-mile" requirement within section 61.13001: "any additional relocation of [daughter] outside of Vero Beach or St. Augustine is subject to and must be sought in compliance with section 61.13001, Florida Statutes."

Under section 61.13001(1)(e), a parent or individual whom a child resides with, need only file a petition to relocate if they wish move fifty miles or more away from their current residence. Any change of residence under fifty miles is not subject to the relocation statute and does not require a petition for relocation in compliance with the statute. As such, parents or other parties are free to move anywhere under fifty miles from their current residence without filing a petition or otherwise obtaining court approval. Adding this language to the plan was error.

Although the language in the parenting plan at issue does not comport with the statute, it was "not so pervasive or significant" that it requires reversal of the entire parenting plan. *See Pope v. Langowski*, 115 So. 3d 1076, 1078 (Fla. 4th DCA 2013) (reversing for the trial court to amend minor inconsistencies but holding that those inconsistencies did not warrant reversing the entire plan). Therefore, we reverse that

portion of the parenting plan and remand for the trial court solely to remove or correct the above-referenced language. *See id.*

*Affirmed in part, reversed in part, and remanded to correct parenting plan.*

GROSS and DAMOORGIAN, JJ., concur.

*    *    *

***Not final until disposition of timely filed motion for rehearing.***

4