# Third District Court of Appeal

## State of Florida

Opinion filed December 22, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1225
Lower Tribunal No. 16-25456
_____

**Heather Mignott,**
Appellant,

vs.

**Garfield Mignott,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Bernard S. Shapiro, Judge.

Cain & Snihur, LLP, and May L. Cain, for appellant.

The Joseph Firm, P.A., and Marck K. Joseph, for appellee.

Before EMAS, LINDSEY and GORDO, JJ.

PER CURIAM.

Appellant, Heather Mignott ("Mother"), appeals a supplemental final judgment of dissolution of marriage, which incorporated and relied on an order granting the petition of Appellee, Garfield Mignott ("Father"), to relocate to Missouri. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). As the trial court failed to make the requisite statutory findings when granting the petition to relocate, we reverse and remand for a new evidentiary hearing before a successor judge. [1]

## FACTUAL AND PROCEDURAL BACKGROUND

Heather and Garfield Mignott were married in 2010. They had one child during the marriage. In October 2016, Mother filed a petition for dissolution of marriage. Mother and Father originally shared parental responsibility of the minor child. Father, however, was given custody of the minor child after Mother was arrested for aggravated assault in May 2017. The proceedings were bifurcated in July 2019 after Mother became pregnant by another relationship. The trial court entered a final judgment on the dissolution of marriage and disestablishment of paternity of the unborn child. The remaining issues of alimony, child support, custody and timesharing were set for a non-jury trial.

---

[1] Mother raises four additional arguments against the supplemental final judgment, each of which we find to be without merit and decline to discuss further.

2

On September 6, 2019, Father filed a petition to permit relocation with the minor child pursuant to section 61.13001, Florida Statutes, to which Mother objected. The arguments regarding the petition for relocation and Mother's objection were heard by the trial court at the non-jury trial on the remaining issues of the dissolution. The trial court granted the father's petition to relocate, stating:

> The petition to relocate from Colorado to Missouri is granted. I'm signing an order tonight. It's not the final order because there is going to have to be a lot of detail – I'm doing this because [Father] has tickets to leave tomorrow morning at 7:00 and I don't want him to have a problem.

The trial court made no other oral or statutory findings, and never entered a more detailed final order granting Father's petition to relocate. This appeal followed.

## LEGAL ANALYSIS

"An order on a petition for relocation is reviewed for an abuse of discretion." Sanabria v. Sanabria, 271 So. 3d 1101, 1104 (Fla. 3d DCA 2019). A trial court's decision to grant a petition to relocate "will be affirmed if the statutory findings are supported by substantial competent evidence." Eckert v. Eckert, 107 So. 3d 1235, 1237 (Fla. 4th DCA 2013) (emphasis omitted). Mother argues that the trial court reversibly erred by granting the

relocation of the minor child without evaluating the statutory factors contained in section 61.13001(7), Florida Statutes (2020).  We agree.

When reviewing an order on a petition to relocate, an appellate court is limited to an abuse of discretion review based on whether the statutory findings made by the trial court are supported by competent, substantial evidence.  This necessitates that the trial court make such statutory findings so that we may appropriately review them.  See, e.g., Chalmers v. Chalmers, 259 So. 3d 878, 879 (Fla. 4th DCA 2018) ("'[T]he [appellate] court reviews the trial court's decision on a petition to relocate with a minor child under an abuse of discretion standard.  The trial court's decision will be affirmed if the statutory findings are supported by substantial competent evidence.'" (quoting Cecemski v. Cecemski, 954 So. 2d 1227, 1228 (Fla. 2d DCA 2007))).  In the instant case, the trial court granted Father's petition to relocate without making any findings as to the statutory factors in section 61.13001(7).

Pursuant to section 61.13001(7), when a petition for relocation is contested a court "**shall evaluate all**" of the statutory factors when making its determination that the relocation is in the best interests of the child.  See § 61.13001(7), Fla. Stat. (emphasis added); see also Rossman v. Profera, 67 So. 3d 363, 365 (Fla. 4th DCA 2011) ("Ultimately, the concern in a

4

relocation determination is whether the relocation is in the best interests of the child.").  Where a trial court makes no statutory findings, either oral or written, our review is hampered.  See Eckert, 107 So. 3d at 1237 ("This court's review is hampered, because the trial court made no findings of fact, either oral or written, on any of the relevant factors involved in a decision to grant or deny relocation.").  A trial court must be vigilant when holding an evidentiary hearing which requires weighing statutory factors to analyze its decision with clarity for the record.  Moreover, attorneys as a matter of practice should ask the court for either oral or written findings and, if an unelaborated order is entered, should seek rehearing to request a properly detailed order with clear statutory findings of fact be entered. Despite the testimony provided at trial, nothing in the record shows that the trial court evaluated any of the factors contained in the statute or made a best interests determination.[2]

Reversed and remanded.

---

[2] While we would ordinarily relinquish jurisdiction to the trial court for it to enter its more detailed final order, the original presiding Judge has retired. Where "the trial court, in reaching its decision, would be required to assess the credibility of the witnesses and to evaluate and determine the relative weight to be accorded to the conflicting evidence, we cannot agree that the preparation of an order making the requisite findings of facts is a 'ministerial act' that could be performed by a successor judge merely upon a review of the hearing transcripts." Krumholz v. Guardianship of H.K., 114 So. 3d 341, 343 n.4. (Fla. 3d DCA 2013).