# Third District Court of Appeal

## State of Florida

Opinion filed May 21, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0198
Lower Tribunal No. 19-27508
_____


**Parminne Pitamber,**
Appellant,

vs.

**Lakeram Shivbaran,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Spencer Multack, Judge.

Buckner, Shifrin, Etter, Dugan & Bradfute, P.A. and Emily M. Bradfute, for appellant.

Sandy T. Fox, P.A., Sandy T. Fox, and Sara E. Ross, for appellee.


Before LOGUE C.J., and MILLER, and LOBREE, JJ.

MILLER, J.

Appellant, the former wife, appeals from a final judgment of dissolution. On appeal, she contends the trial court erred in denying her petition for relocation and distributing the marital residence, in toto, to appellee, the former husband. We summarily affirm the comprehensive and well-reasoned portion of the judgment denying relocation because the trial court's evaluation of the governing statutory factors is supported by competent, substantial evidence of record. See § 61.13001(7), Fla. Stat. (2023); § 61.13(3), Fla. Stat. (2023); see also Chalmers v. Chalmers, 259 So. 3d 878, 879 (Fla. 4th DCA 2018) (holding "the circuit court properly applied the relocation statute as a matter of law" where the "final judgment set forth its detailed findings of fact as to each factor used to determine the best interests of the child" under sections 61.13(3) and 61.13001(7), the court "did not make any presumption in favor of or against the former [spouse]'s request for relocation[,]" and "competent substantial evidence support[ed] the . . . findings of fact"). However, we are constrained to reverse that aspect of the judgment denying equitable distribution of the marital home because the ruling amounts to an impermissible sanction levied on the former wife for previously contesting the validity of the marriage to no avail. See § 61.075(6)(a)(1)(b), Fla. Stat. (2023) ("'Marital assets and liabilities' include . . . [t]he enhancement in value and appreciation of nonmarital

2

assets resulting from the efforts of either party during the marriage or from the contribution to or expenditure thereon of marital funds or other forms of marital assets, or both."); <u>Kaaa v. Kaaa</u>, 58 So. 3d 867, 872–73 (Fla. 2010) ("In sum, when a marital home constitutes nonmarital real property, but is encumbered by a mortgage that marital funds service, the value of the passive, market-driven appreciation of the property that accrues during the course of the marriage is a marital asset subject to equitable distribution under section 61.075[(6)(a)(1)(b)] . . . ."); § 61.075(6)(a)(1)(c)(I)–(V), Fla. Stat. (establishing statutory formula for determining marital share of passive appreciation of nonmarital property during marriage); <u>Leitman v. Boone</u>, 439 So. 2d 318, 322 (Fla. 3d DCA 1983) ("In judicial proceedings, a party simply is not estopped from asserting a later inconsistent position . . . unless the party's initial position was *successfully maintained*.") (emphasis in original omitted).

Affirmed in part; reversed in part; remanded.