DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ASHLEY LALLY,**
Appellant,

v.

**MAXIMILIAN LALLY,**
Appellee.

No. 4D2025-0692

[December 10, 2025]

Appeal of a nonfinal order from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Anastasia M. Norman, Judge; L.T. Case No. 562017DR000837.

Rebecca Mercier Vargas and Stephanie L. Serafin of Kreusler-Walsh, Vargas & Serafin, P.A., Palm Beach Gardens, and Mark T. Luttier of Critton, Luttier & Coleman, LLP, West Palm Beach, for appellant.

Matthew S. Nugent and Joshua J. Arbogast of Nugent Zborowski, North Palm Beach, for appellee.

MAY, J.

A mother appeals a nonfinal order modifying an existing parenting plan and timesharing schedule for the children she shares with the father. She argues, among other things, the trial court erred in modifying the plan and schedule when the father failed to show a material change in circumstances as statutorily required. We agree and reverse.

- ***The Facts***

A final judgment dissolving the parties' marriage and incorporating a parenting plan containing a timesharing schedule was entered in 2018. Five years later, the father filed a "Verified Notice of Relocation and Supplemental Petition for Relocation and Petition to Modify Parenting Plan and Time-Sharing Schedule to Include a Long-Distance Parenting Plan and Other Relief." The father alleged he was permanently relocating to North Dakota. He argued it was in the best interest of the two minor children to modify the parenting plan to provide nine consecutive days of

timesharing with him each month. The father indicated the children would continue to be homeschooled, and the mother should inform him of any assignments during his timesharing. The father cited both sections 61.13001 and 61.13, Florida Statutes.[1]

The mother objected to the petition and argued it failed to meet the requirements for relocation under section 61.13001. To the extent the petition was "deemed to be a Petition to Modify Parenting Plan and Timesharing," the mother argued the father had failed to allege a substantial, material, and unanticipated change in circumstances warranting modification of the existing timesharing schedule.

The father filed an amended verified notice of relocation, an amended supplemental petition for relocation, and an amended petition to modify the parenting plan and timesharing schedule. The father reiterated and incorporated by reference the prior petition's allegations but now advised he had already relocated to North Dakota. The father argued his relocation constituted a material change of circumstances affecting the current timesharing of both parents.

The father once again cited both sections 61.13 and 61.13001, Florida Statutes. The father requested the trial court to permit relocation and asked for modification of the time-sharing plan. The mother again objected and argued the father's relocation and modification requests were not in the children's best interest.

The court set the matter for trial. A few days prior to the trial, the father filed a proposed long-distance parenting plan to have the children spend nine consecutive days with him each month in either North Dakota or Florida, and various holidays, birthdays, and school breaks. Under his proposed plan, the father would be afforded 139 overnights per year and the mother would receive 226 overnights. The mother objected to the proposed plan as exceeding the relief requested in the father's Amended Supplemental Petition for Relocation and Modification.

The parties filed a joint pretrial stipulation listing the issues of law and fact to be determined at trial to include "Relocation" and "Modification." The parties agreed the father was requesting the court "[a]llow relocation and modification of the time-sharing schedule to include a long-distance

---

[1] Section 61.13001, Florida Statutes, is titled "Parental Relocation with a Child." Section 61.13, Florida Statutes, provides for the development of a parenting plan and its subsequent modification due to a material change in circumstances.

parenting plan . . . as in the children's best interests based on the evidence presented."

At trial, the father argued a combination of sections 61.13 and 61.13001, as his relocation and change of employment from a law enforcement work schedule to farming constituted a substantial, material change in circumstances. The mother responded the father's voluntary relocation was neither a material change in circumstances nor in the children's best interest. She suggested the father was limited to his petition's request of nine days in either North Dakota or Florida every month. The mother argued that modification could neither be based on the father's occupational change, which had occurred three years earlier, nor his voluntary relocation to North Dakota.

Ultimately, the trial court issued a supplemental final judgment granting the father's amended petition in part. The trial court examined the factors under sections 61.13001 and 61.13 and made findings as to each. The trial court concluded the father had **not** proved by a preponderance of the evidence that relocating the children to North Dakota and adopting his proposed parenting plan was in the best interest of the children. But the trial court found the father had proved it was in the children's best interest to have some timesharing with him. The court also found the father's permanent relocation constituted a substantial and material change which warranted modification of the timesharing plan. The court ultimately crafted its own parenting plan.

The mother moved for rehearing, clarification, and to reopen the evidence. The mother claimed the trial court's denial of the father's request for relocation while simultaneously granting his request for modification of the timesharing plan produced an irreconcilable inconsistency contrary to section 61.13001 and *Hull v. Hull*, 273 So. 3d 1135 (Fla. 5th DCA 2019). Finally, the mother asserted the trial court violated her due process rights by granting the father unrequested relief.

The trial court granted the mother's motion in part. The trial court rejected the mother's argument that it awarded more timesharing than the father requested and noted it had the discretion to develop its own parenting plan in the children's best interest. The trial court issued an amended supplemental final judgment with an attached parenting plan.

From the amended supplemental final judgment, the mother now appeals.

- ***The Analysis***

"[T]he question of whether the trial court properly applied the relocation statute [section 61.13001] is a matter of law, reviewed de novo." *Chalmers v. Chalmers*, 259 So. 3d 878, 879 (Fla. 4th DCA 2018) (quoting *Milton v. Milton,* 113 So. 3d 1040, 1041 (Fla. 1st DCA 2013) (internal quotations omitted)). However, we review a decision on a petition to relocate with a minor child for an abuse of discretion. *Id.*

We review an order modifying a parenting plan and timesharing schedule under section 61.13 for an abuse of discretion. *Lane v. Fuller*, 387 So. 3d 462, 464 (Fla. 5th DCA 2024) (citation omitted).

The first issue to be addressed is which statute's requirements applied to the court's decision granting the father's petition. Section 61.13 relates to modification of the parenting and timesharing plans, while section 61.13001 relates to relocation.

- ○ *Relocation v. Modification*

The mother argues the trial court "misapplied the relocation statute by modifying the existing parenting plan and timesharing schedule after finding relocation [wa]s **not** in the children's best interest." (Emphasis added). The father responds the mother misinterprets the trial court's order because the trial court granted his request to relocate based on the best interests of the children. The lines between the statutes here are blurred because the father petitioned for permission to relocate *without* the children, and the trial court's order conflates the two issues.

Despite the father's two petitions, one to relocate and one to modify, the trial court treated the document as one, referring to it as the "Amended Supplemental Petition." The trial court then granted the father's request, but failed to specify upon which statute the relief was granted. Our review of the order reveals the modification of the parenting and timesharing plan was based on section 61.13 (the modification statute) because the father had already relocated and was not the primary custodial parent. This perspective is enhanced by the trial court's initial finding that relocation was **not** in the children's best interest.

Section 61.13001, Florida Statutes, addresses parental relocation. It applies when a parent wants to move a significant distance from his current residence. If the parents cannot reach an agreement, the statute requires the relocating parent to file a petition to relocate and include "[a]

proposal for the revised postrelocation schedule for access and time-sharing." § 61.13001(3)(a)6., Fla. Stat. The nonrelocating parent may then file an objection, at which point the relocating parent "may not relocate, and must proceed to a temporary hearing or trial and obtain court permission to relocate." § 61.13001(3)(d), Fla. Stat. This did not occur here, as the father relocated without the children prior to any hearing.

The parent "wishing to relocate has the burden of proving by a preponderance of the evidence that relocation is in the best interest of the child." § 61.13001(8), Fla. Stat. If the relocating parent meets this burden, the burden shifts to the nonrelocating parent "to show by a preponderance of the evidence that the proposed relocation is not in the best interest of the child." § 61.13001(8). This did not occur either, as the father relocated without the children prior to any hearing.

While both statutes require consideration of the children's best interest, only section 61.13(3) (the modification statute) requires proof of a substantial and material change in circumstances. The trial court found a substantial and material change in circumstances, illustrating its reliance on section 61.13(3).

The father cited section 61.13 in both his initial and amended pleadings requesting modification. That statute provides:

> For purposes of . . . modifying a parenting plan, including a time-sharing schedule, . . . the best interests of the child must be the primary consideration. A . . . parenting plan, or a time-sharing schedule may not be modified without a showing of a substantial and material change in circumstances and a determination that the modification is in the best interests of the child.

§ 61.13(3), Fla. Stat. The statute then contains a long list of factors to consider in determining the best interests of the child. § 61.13(3)(a)–(t), Fla. Stat.

The burden to establish a substantial and material change in circumstances is on the movant, and "it is an extraordinary burden." *Puhl v. Puhl*, 260 So. 3d 323, 324 (Fla. 4th DCA 2018) (quotation and citation omitted).

Here, the father's petitions sought approval of his relocation (although he had already relocated by the time of the hearing) and modification of the parenting plan and timesharing plan. **At no time did the father**

5

**request permission to relocate the children.** At that point, only modification of the parenting plan and timesharing schedule was really left to be resolved.

Significantly, the trial court did not find the father's relocation to be in the children's best interest. But the trial court did find it was in the children's best interest to have some timesharing with the father. Under the modification statute, the father also had to show a substantial and material change in circumstances.

We agree with the mother's primary argument that the father failed to prove a substantial change in circumstances independent of his voluntary relocation. *See Ness v. Martinez*, 249 So. 3d 754, 758 (Fla. 1st DCA 2018) ("Relocation alone is not necessarily sufficient to constitute a substantial change of circumstances warranting modification of the time-sharing arrangement."); *Rossman v. Profera*, 67 So. 3d 363, 366 (Fla. 4th DCA 2011) ("Courts, including this court, have held that relocation *alone* does not constitute a substantial change in circumstances." (collecting cases)); *Shafer v. Shafer*, 898 So. 2d 1053, 1055–56 (Fla. 4th DCA 2005) ("[C]ourts have routinely held that relocation *alone* is not a substantial change in circumstances to support a modification of custody.").

*Rossman* and *Ness* consistently reinforce the general rule that relocation alone is insufficient to support a finding of a material change in circumstance but also illustrate the exception to that rule when the relocating parent is the custodial parent. Here, the father is not the custodial parent; the mother is the custodial parent. Thus, the general rule applies.

The non-custodial father's voluntary relocation was insufficient to constitute a material change in circumstances. His change in occupation also failed to support a material change in circumstances as that change occurred three years prior to these proceedings. "A determination of parental responsibility, a parenting plan, or a time-sharing schedule may **not** be modified without a showing of a substantial and material change in circumstances and a determination that the modification is in the best interests of the child." § 61.13(3), Fla. Stat. (emphasis added).

Simply put, the trial court erred in finding the father's relocation alone was a substantial and material change in circumstances. For this reason, we reverse. Our reversal moots the mother's other arguments.[2]

---

[2] Those issues include the application of section 61.0013, the trial court's analysis of the children's best interests, and the award of unpled relief.

*Reversed and remanded.*

GROSS and FORST, JJ., concur.

*    *    *

**Not final until disposition of timely-filed motion for rehearing.**